Filed 4/2/26  In re N.N. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re N.N., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN & FAMILY SERVICES BUREAU,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>M.M.,<br><br>　　　Defendant and Respondent. | A173797<br><br>(Contra Costa County<br> Super. Ct. No. J2400242) |

## MEMORANDUM OPINION

M.M., the mother of nearly four-year-old N.N., pled no contest to allegations she has a history of an unresolved mental health issue that has caused her to experience emotional and mental dysregulation, at times in N.N.'s presence and at times for which she has been hospitalized.  She received nearly eight months of reunification services until the juvenile court dismissed the dependency case and issued exit orders awarding sole physical and legal custody of N.N. to his father, with orders allowing mother to have supervised visits once a month in person and weekly supervised visitation

1

virtually (see Welf. & Inst. Code, § 362.4, subd. (a)).  Mother now timely appeals, arguing the court abused its discretion by granting sole legal custody to father.

Mother acknowledges that the juvenile court has broad discretion to make such custody determinations when issuing exit orders and that the focus is on the child's best interests.  Unlike in the authority mother cites, the record in this case does not show the juvenile court based its ruling on improper considerations rather than on N.N.'s best interests.  (See *In re N.M.* (2023) 88 Cal.App.5th 1090, 1095 [exit order awarding sole physical custody to mother held an abuse of discretion where court's comments on the record show it "granted mother sole custody to avoid rewarding father, who had refused to participate meaningfully in the case plan" rather than on child's best interests].)

Here, the juvenile court did not abuse its discretion in awarding father sole legal custody.  Indeed, we question whether it had any discretion to do otherwise.  At the time the juvenile court issued its exit orders, *mother was represented by a guardian ad litem* and had been for many months.  She does not explain how it could be in a child's best interests for joint decision-making authority to be vested in a parent who has been adjudged to "lack[] legal capacity to make decisions" (Code Civ. Proc., § 372, subd. (a)(2)(A)).

Were that not enough, ample evidence in the record by her own account shows mother was occasionally disoriented or confused, and frequently argumentative and even at times combative (with the social worker as well as members of her own family, who sometimes called police).  The record also reflects that she and her own father harassed N.N.'s father with phone calls, screenshots and videos from her social media, implying threats to father's physical safety to such an extent she was instructed not to contact father or

2

any of his relatives.  In these circumstances the juvenile court could reasonably conclude mother would be unable to co-parent effectively with father.  (See, e.g., *In re Jennifer R.* (1993) 14 Cal.App.4th 704 [affirming exit orders awarding father sole legal custody]; *In re Maya L.* (2014) 232 Cal.App.4th 81, 102-104 [same].)

Mother also contends the court erred by failing to make findings that sole legal custody would be in N.N.'s best interests but cites no authority express findings were required.  On the contrary, "[t]he Welfare and Institutions Code does not require a specific statement of reasons be given when making a custody order."  (*In re Jennifer R., supra*, 14 Cal.App.4th at p. 713.)  Nor did mother request any such findings or object to their omission, thereby forfeiting the issue.  (See *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 699 [" ' "An argument or theory will . . . not be considered if it is raised for the first time on appeal" ' "].)

## DISPOSITION

The exit orders are affirmed.

STEWART, P. J.

We concur.

MILLER, J.

DESAUTELS, J.

*In re N.N.* (A173797)